**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4510**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EMMANUEL O. ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:17-cr-00149-MHL-1)

Submitted: February 21, 2019                     Decided: February 25, 2019

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Mark Bodner, Fairfax, Virginia, for Appellant. Stephen Wiley Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel O. Robinson appeals the 151-month sentence imposed following his guilty plea to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Counsel has filed an *Anders v. California*, 386 U.S. 738 (1967) brief, stating that there are no meritorious grounds for appeal but questioning whether the district court properly applied a career offender enhancement in calculating the Sentencing Guidelines range. Robinson was informed of his right to file a pro se supplemental brief, but has not done so. The Government moved to dismiss the appeal based on the appeal waiver contained in Robinson's plea agreement. We dismiss in part and affirm in part.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally,

2

if a court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *Id.*

Our review of the Rule 11 colloquy confirms that Robinson knowingly and voluntarily waived his right to appeal whatever sentence the district court imposed, unless the sentence was above the statutory maximum. For this reason, and because Robinson's sentence does not exceed the statutory maximum, we conclude that the valid appeal waiver bars any challenge to Robinson's sentence. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to Robinson's sentencing claims and any other issues within the compass of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Robinson's valid appeal waiver. We therefore dismiss the appeal in part and affirm the district court's judgment as to any issues not precluded by the appeal waiver. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*